The Honorable Keith N. Wood State Representative P.O. Box 1122 Hope, AR 71801-1122
Dear Representative Wood:
This is in response to your request for an opinion regarding A.C.A. § 14-164-338 (Supp. 1989) and Act 777 of 1991. You note that the Hempstead County Quorum Court recently decided to call an election for a sales tax to fund construction and operation of a new county jail. The county anticipates that a two-year, one cent sales tax would raise sufficient revenue to finance construction of the jail. The county would propose to the voters the levy of a one cent sales tax for two years or until the construction is paid for, whichever comes first, and then the tax would drop to a fraction of a cent to finance operation of the jail. Your specific questions in this regard are as follows:
 1. Can the county refer to the voters the issue of a one cent sales tax for no longer than 24 months for construction, then drop the sales tax to a fraction of a cent for operation as one question on the ballot?
 2. After construction, the county anticipates operation of the jail would cost approximately $330,000.00 per year. A one-fourth cent sales tax would generate approximately $300,000.00 a year. Under Act 777, could the county ask for a one-half cent sales tax and either use the balance to fund other county operations by placing the balance in county general, or place the balance in a reserve fund to offset future operating costs, maintenance costs and expansions to the county jail?
It must be concluded, in my opinion, that the answer to your first question is "no." A review of the relevant Code sections fails to yield authority for placement of this issue on the ballot. Section 14-164-338 (Supp. 1989) authorizes the levy, following an election, of a 1% sales or use tax or any other local tax authorized by law, for no longer than 24 months. There is no authority, however, for dropping the 1% tax to a fraction of a cent. The legislature has clearly expressed its intent for the tax, if approved by the voters, to be levied at a rate of 1% under this Code section.
With regard to Act 777 of 1991, this act provides that in lieu of any other county (or municipal) sales and use tax, a county (or municipality) may levy a sales and use tax of 1/4%, 1/2%, 3/4%, or 1%, to finance the operation or maintenance of capital improvements and/or to repay bonds. Of particular significance for purposes of your inquiry is the fact that in accordance with Section 2 of Act 777, the governing body of the county (or city) levying the tax must follow the procedures prescribed by A.C.A. §§ 14-164-301 to 14-164-337 (the "Local Government Bond Act of 1985"). Act 777, Section 2, also states that ". . . the tax shall be collected, reported, and remitted in the same manner and at the same time as a tax levied under that subchapter." The effective date of a tax levied under A.C.A. § 14-164-301 etseq. (1987 and Supp. 1989), is set forth under § 14-164-329
(Supp. 1989), wherein it states in pertinent part:
 If no election challenge is filed within thirty (30) days of the date of the publication of the results of the election, the tax shall become effective on the first day of the first calendar month subsequent to the expiration of the thirty-day period for challenge. [Emphasis added.]
A.C.A. § 14-164-329 (b)(1) (Supp. 1989).
The above effective date will apply, in my opinion, to the proposed fraction of a cent sales tax that would be presented to the voters under the scenario outlined in your correspondence. As previously noted, Section 14-164-338, which only authorizes a 1% tax, cannot form the basis for the levy of a fraction of a cent sales tax. The county must therefore proceed under Act 777 of 1991 in order to levy a fraction of a cent sales tax for operation purposes. This tax will, however, become effective on the first day of the month following the thirty-day period for a challenge.[1] There appears to be no authority for levying the tax and postponing its effective date, as proposed under your first question.
While the answer to your first question, as presented, is "no," we should note that there is nothing prohibiting the county from referring the issue of a fraction of a cent sales tax levy to the voters at an election once the construction is paid for.
With regard to your second question, it is my opinion that while placement of the balance in a reserve fund to offset future costs is permissible under Act 777, placing the tax proceeds or any portion thereof in the county general fund would be contrary to law. The permissible uses of sales and use tax revenues collected under Act 777 of 1991, as set forth under that act, do not include the funding of general county operations.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] In the event of a challenge, the tax levy is effective on the first day of the first month following the final determination of the litigation. See A.C.A. § 14-164-329 (b)(2) (Supp. 1989).